# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **AIR 1ST AVIATION COMPANIES, INC.** | ) | Case No. C-1-01-514 |
| | ) | |
| Plaintiff, | ) | **(Judge S. Arthur Spiegel)** |
| | ) | |
| -v- | ) | **(Magistrate Timothy S. Hogan)** |
| | ) | |
| **COMMERCIAL AIRCRAFT SERVICES, INC., ET AL.** | ) ) | |
| | ) | |
| Defendants. | ) ) | |

---

## DEFENDANT MIDWEST AVIATION, INC.'S
## SETTLEMENT ANALYSIS

---

October 14, 2003

William A. Posey (0021821)
Jamie M. Ramsey (0071369)
KEATING, MUETHING & KLEKAMP
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio 45202
Tel: (513) 579-6535
Fax: (513) 579-6457
wposey@kmklaw.com
jramsey@kmklaw.com

Nathaniel R. Jones (0026866)
BLANK ROME LLP
1700 PNC Center
201 East Fifth Street
Cincinnati, Ohio 45202
Tel: (513) 362-8700
Fax: (513) 362-8773
jones-n@blankrome.com

*Counsel for Defendant,
Midwest Aviation, Inc.*

- 2 -

## I.  FACTS

Plaintiff entered into a contract with Fricker and Calvert, not Midwest Aviation, Inc. ("MA"), to repair the subject aircraft. Fricker and Calvert were authorized and qualified by the FAA, and had the financial ability, to do the work. The work was not completed due to engine condemnations by the manufacturer. MA was not a party to and did not benefit from Fricker's contract, was a separate corporate entity, and followed Ohio law by filing a fictitious name report for use of the name "Midwest Jet Center." Prior to executing the contract, Fricker, in the presence of Calvert, told Plaintiff that he, Fricker, was no longer associated with the FBO. Plaintiff did not have a contract to sell the airplane and suffered no financial loss.

## II.  DEFENSES

**A.    Issue Preclusion.** The South Carolina Courts have conclusively determined that Calvert and Fricker had the authority, license, abilities, equipment, and personnel to do the work; thus, no claims of fraud or deceptive trade practice exist. Further, those Courts have rejected Plaintiff's claims that Fricker and Calvert were acting on behalf of MA or as its agent. South Carolina's recognition of issue preclusion is recognized by the Sixth Circuit Court of Appeals, is determinative of Plaintiff's claims, and requires dismissal of all claims against MA.

**B.    Breach of Contract.** MA was not a party to the contract and, thus, cannot be held liable for breach of contract: (1) Plaintiff cannot "pierce the corporate veil" to make MA liable on the contract because the evidence establishes that MA is a separate and distinct corporate entity and only the lessor to MJC, Inc./CAS, and (2) Fricker was not acting as an agent, employee, or representative of MA in entering into the contract. MA never gave Fricker the authority, whether express, implied or apparent, to enter into a maintenance and repair contract with anyone on behalf of MA. Fricker's alleged representation that he was acting on

- 3-

behalf of MA does not create an agency relationship.  Apparent agency is determined by the acts of the principal, not the agent.

      C.      **Fraud.**  Plaintiff has admitted that MA made no statement, false or otherwise, to any person.  Because it was not a party to any fraud, MA cannot be held liable.

      D.      **Deceptive Trade Practices.**  Plaintiff sought to do business with Fricker and Calvert and it did so; thus, there is no confusion as to the source of the repair services.  Further, MA did that which the Act requires – the statutory reporting of the use of the fictitious trade name "Midwest Jet Center."  Moreover, the law is clear that consumers of goods and services such as Plaintiff have no standing to sue under the Act.

      E.      **Conspiracy.**  Plaintiff cannot establish that MA committed an underlying tort; thus, there can be no claim of conspiracy.  In addition, there is no evidence to establish a common understanding between MA and Fricker to fraudulently induce Plaintiff to enter into the contract.  Nor can Plaintiff establish that MA took any affirmative action to injure Plaintiff.

**III.    DAMAGES**

Plaintiff's claims for damages fail:  (1) clearly, at least some value ($115,000 damages claimed) was provided by Fricker's maintenance service and Plaintiff failed to identify any expert as to what maintenance charges were invalid; (2) parts and outside repairs ($32,000) were installed on the aircraft and, thus, had value; (3) amounts paid to others ($11,413) for insurance, interest, etc. were caused by the engine delay and the contract did not require any specific completion date; (4) the engine work ($48,000) has been admitted by Plaintiff to be beyond the terms of the contract; and (5) Plaintiff, in its deposition, stated there was no binding contract of sale ($445,000), thus, any damages for loss of sale are speculative.

- 4-

Respectfully submitted,


_____/s/  William A. Posey_____
William A. Posey (0021821)
Jamie M. Ramsey (0071369)
KEATING, MUETHING & KLEKAMP, P.L.L.
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio 45202

Nathaniel R. Jones (0026866)
BLANK ROME LLP
1700 PNC Center
201 East Fifth Street
Cincinnati, Ohio 45202

*Counsel for Defendant,
Midwest Aviation, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing DEFENDANT MIDWEST AVIATION, INC.'S SETTLEMENT ANALYSIS was served upon Brian S. Sullivan, Trial Attorney for Plaintiff, Dinsmore & Shohl LLP, 1900 Chemed Center, 255 East Fifth Street, Cincinnati, Ohio 45202; on Charles C. Stebbins, III, Counsel for Plaintiff, Warlick, Tritt & Stebbins, L.L.P., 1500 First Union Bank Building, Augusta, Georgia 30901-1454; and on Defendant Michael J. Fricker, 3304 Woodside Drive, Fairfield, Ohio 45014 by ordinary U.S. mail, this 14th day of October, 2003.


_____/s/  William A. Posey_____
William A. Posey


1161704.1